UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMIN R. FRANCIS, individually, and on behalf of all other similarly situated consumers,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>GENERAL REVENUE CORPORATION,<br><br>　　　　　　　Defendant. | Case No.: 1:18-cv-06955<br><br>FIRST AMENDED COMPLAINT |

Plaintiff, Jasmin R. Francis, alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a resident of Brooklyn, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation doing business in the State of New York, with its corporate headquarters located at 4660 Duke Drive, Suite 300, Mason, Ohio 45040, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

## FACTUAL STATEMENT

6. In 2010, Plaintiff incurred a personal student loan obligation from Cornell University.

7. Years later, Defendant attempted collecting on said debt, allegedly due and owing, by sending a collection letter to Plaintiff. Exhibit A.

8. Within the letter, Defendant attempts to collect $3,729.21 in principal.

9. In addition, Defendant seeks to collect "collection costs" of $1,680.04 and late fees of $18.34.

10. Plaintiff's underlying contract with Cornell University does not provide for such excessive collection costs which exceed 45% of the underlying debt.

11. Further, Plaintiff's underlying contract with Cornell University does not provide for late fees.

12. The FDCPA was put in place to prevent abusive and unfair practices. These practices specifically include situations like this where made up fees are being charged in order to squeeze the debtor out of more money. This cannot be allowed.

## CLASS ACTION ALLEGATIONS

### The Class

13. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

14. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

(a) all consumers with a New York address; (b) for which Defendant attempted to collect illegal fees (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

15. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

**Numerosity**

16. Upon information and belief, Defendant has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the State of New York, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

17. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

18. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**Common Questions of Law and Fact**

19. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's

wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

20. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

21. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

22. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

23. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

24. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

25. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

27. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

28. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

29. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

30. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

31. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692 *et seq*

32. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

33. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692f(1), 1692e(2), 1692e(10) .

WHEREFORE, Plaintiff, Jasmin R. Francis, respectfully requests that this Court do the following for the benefit of Plaintiff:

> a. Enter an Order declaring Defendant's actions, as described above, in violation of the FDCPA;
>
> b. Enter an Order for injunctive relief prohibiting such conduct in the future;
>
> c. Appoint Plaintiff as the Class Representative, and appoint Plaintiff's Counsel as Lead Counsel for the Class;
>
> d. Enter a judgment against Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k;
>
> e. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k; and
>
> f. Grant such other and further relief as may be just and proper.

### JURY TRIAL DEMAND

34. Plaintiff demands a jury trial on all issues so triable.

Dated this 15th day of February, 2019.

    Respectfully Submitted,

    /S/ Daniel Zemel, Esq.
    Daniel Zemel, Esq. (#DZ9899)
    Elizabeth Apostola, Esq. (#EA0423)
    ZEMEL LAW LLC
    1373 Broad Street, Suite 203-C
    Clifton, New Jersey 07013
    T:  (862) 227-3106
    F:  (973) 282-8603
    dz@zemellawllc.com
    ea@zemellawllc.com
    Attorneys for Plaintiff