**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASMIN R. FRANCIS, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL REVENUE CORPORATION,<br><br>Defendant. | Case Number: 1:18-cv-06955-BMC<br><br>**ANSWER TO AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

General Revenue Corporation ("Defendant" or "GRC"), by and through its attorneys, now answers Plaintiff's Amended Class Action Complaint against it, as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

**ANSWER: Defendant admits that Plaintiff's Amended Complaint purports to allege a violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et. seq.* Defendant denies all remaining allegations contained in Paragraph 1.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

**ANSWER: Defendant admits that Plaintiff's Amended Complaint purports to allege a violation of a federal statute, thereby invoking the subject matter jurisdiction of this Court. Defendant denies all remaining allegations contained in Paragraph 2.**

3. Venue is proper in this district under 28 U.S.C. §1391(b).

**ANSWER: Defendant does not contest venue. Defendant denies all remaining allegations contained in Paragraph 3.**

## PARTIES

4. Plaintiff is a resident of Brooklyn, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. § 1692(a) of the FDCPA.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and, therefore, denies the same.**

5. Defendant is a corporation doing business in the State of New York, with its corporate headquarters located at 4660 Duke Drive, Suite 300, Mason, Ohio 45040, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. § 1692(a) of the FDCPA.

**ANSWER: Defendant admits that GRC is a corporation doing business in the State of New York with a place of business located in Mason, Ohio. Defendant denies the remaining allegations in Paragraph 5.**

## FACTUAL ALLEGATIONS

6. In 2010 Plaintiff incurred a personal student loan obligation from Cornell University.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 6, and therefore, denies the same.**

7. Years later, Defendant attempted collecting on said debt, allegedly due and owing, by sending a collection letter to Plaintiff, Exhibit A.

**ANSWER: Defendant admits the allegations contained in Paragraph 7.**

8. Within the letter, Defendant attempts to collect $3,729.21 in principal.

**ANSWER: Defendant responds that the letter speaks for itself and denies any allegations contained in Paragraph 8 inconsistent therewith.**

9. In addition, Defendant seeks to collect "collection costs" of $1,680.04 and late fees of $18.34.

**ANSWER: Defendant responds that the letter speaks for itself and denies any allegations contained in Paragraph 9 inconsistent therewith.**

10. Plaintiff's underlying contract with Cornell University does not provide for such excessive collection costs which exceed 45% of the underlying debt.

**ANSWER: Defendant denies the allegations contained in Paragraph 10.**

11. Further, Plaintiff's underlying contract with Cornell University does not provide for late fees.

**ANSWER: Defendant denies the allegations contained in Paragraph 11.**

12. The FDCPA was put in place to prevent abusive and unfair practices. These practices specifically include situations like this where made up fees are being charged in order to squeeze the debtor out of more money. This cannot be allowed.

**ANSWER: Defendant answers that the FDCPA speaks for itself and denies any allegations in Paragraph 12 inconsistent therewith. Defendant denies the remaining allegations in Paragraph 12.**

## CLASS ACTION ALLEGATIONS

### The Class

13. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 13.**

14. With respect to the Plaintiff's Class, this claim is brought on behalf of the following class:

> (a) all consumers with a New York address; (b) for which Defendant attempted to collect illegal fees (d) [sic] during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 14.**

15. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

**ANSWER: Defendant admits that Plaintiff purports to exclude such persons or entities from the proposed class definition but lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and, therefore, denies the same.**

**Numerosity**

16. Upon information and belief, Defendant has sent similar collection letters in attempt to collect a debt to hundreds of consumers throughout the State of New York, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 16.**

17. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

**ANSWER: The allegations contained in Paragraph 17 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.**

18. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 18.**

**Common Questions of Law and Fact**

19. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**<u>ANSWER</u>: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 19.**

**Typicality**

20. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

**<u>ANSWER</u>: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 20.**

**Protecting the Interests of the Class Members**

21. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

**<u>ANSWER</u>: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 21.**

22. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 22.**

**Proceeding Via Class Action is Superior and Advisable**

23. A class action is superior to the other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 23.**

24. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 and, therefore, denies the same.**

25. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 25.**

26. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination in that the said letters violate the FDCPA is tantamount

to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2). Defendant denies the remaining allegations contained in Paragraph 26.**

27. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 27.**

28. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 and, therefore, denies the same.**

29. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 29.**

30. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 30.**

31. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed class is suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 31.**

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692 § *ET SEQ*

32. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

**ANSWER: Defendant repeats and incorporates its answers contained in Paragraphs 1 through 31 as though fully set forth herein.**

33. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692f(1), 1692e(2), 1692e(10).

**ANSWER: Defendant denies the allegations contained in Paragraph 33.**

**DEFENSES**

Without conceding any applicable burden of proof, Defendant alleges the following separate and distinct defenses to the claims set forth in Plaintiff's Complaint. Defendant's investigation of the facts and its defenses is ongoing, and Defendant reserves the right to amend or supplement its defenses after further investigation and discovery.

1. Plaintiff's FDCPA claim against GRC fails because the underlying contract between Plaintiff and Cornell University authorizes reasonable collection costs and $1,680.04 in collection costs is reasonable.

2. Plaintiff's FDCPA claim against GRC fails because the underlying contract between Plaintiff and Cornell University authorizes the collection of late fees or penalties.

3. To the extent GRC is found to have violated the FDCPA, which is denied, any such violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

4. Plaintiff has not incurred any injury in fact or damages and therefore lacks standing under Article III of the United States Constitution and *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016), to bring the instant claims.

5. Plaintiff and the putative class members she purports to represent failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore any damages awarded to them should be reduced accordingly.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that Defendant be awarded its costs and fees incurred herein, and that the Court enter such further relief as is just, necessary, and proper.

**Dated:** March 13, 2019
New York, NY

Respectfully submitted,

**McGUIREWOODS LLP**

By: */s Amy Starinieri Gilbert*

Philip A. Goldstein
pagoldstein@mcguirewoods.com
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2100

Amy Starinieri Gilbert (*Pro Hac Vice*)
agilbert@mcguirewoods.com
77 W Wacker Drive, Suite 4100
Chicago, IL 60601
312-849-8100

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was electronically filed on this day, March 13, 2019, with the Clerk of the Court using the CM/ECF system which will send notice of service to all attorneys of record.

**McGUIREWOODS LLP**

By: *s/ Philip A. Goldstein*
Philip A. Goldstein