

Daniel Zemel, Esq. (NY, NJ)
1373 Broad Street, Suite 203-C
Clifton, New Jersey 07013
PHONE:   (862) 227-3106
FAX:        (973) 282-8603
Dz@zemellawllc.com

August 12, 2019

**VIA ECF:**
The Honorable Brian M. Cogan, USDJ
United States Eastern District Court
225 Cadman Plaza E
Brooklyn, NY 11201

                RE:    *Francis v. General Revenue Corporation*
                        1:18-cv-06955

Dear Judge Cogan,

      Plaintiff Jasmine Francis requests a pre-motion conference regarding a contemplated Motion for Summary Judgment and Motion for Class Certification.

### A. <u>Motion for Summary Judgment</u>

      This is an FDCPA case alleging that Defendant misrepresented its ability to collect late fees and collection costs for debts incurred with Cornell University, Plaintiff's creditor, and sought the collection of said illegal fees and costs. The FDCPA specifically prohibits both kinds of conduct. 15 USC § 1692e(2)(B) and f(1). Here, on a principal balance of $3,729.21, Defendant sought collection of $18.34 in late fees, and $1,680.04 in collection fees. This collection fee is 45% of the principal balance.

      Whether a collection fee is illegal requires an analysis of the creditor's contract and state law. *Tuttle v. Equifax Check*, 190 F.3d 9 (2d Cir. 1999). The rule is as follows:

> If state law neither affirmatively permits nor expressly prohibits late fees and collection costs, these fees can be imposed only if the customer expressly agrees to it in the contract.

      New York law does not affirmatively permit or expressly prohibit the collection of late fees or collection costs directing us to the contract between Cornell and Plaintiff. The executed contract contains a specific provision concerning delinquent payments:

> I promise to pay all attorney's fees and other reasonable collection costs and charges *necessary* for the collection of any amount not paid when due.

                i.        <u>15 UCS 1692f(1)</u>

                  **a. Late Fees**

1

New York law is silent on the issue of late fees. Accordingly, these fees may only be sought if <u>expressly</u> provided for in the contract between Cornell University and Plaintiff. Late fees do not fall into the category of attorney's fees, or collection costs necessary for collection of said amount. Accordingly, GRC's attempts to collect said fees violate the FDCPA because they are not expressly provided for in the contract.

### b. Collection Costs

New York law is silent on the issue of collection costs. Therefore, the 45% fee must be *expressly* agreed to in the contract. However, Cornell's contract only calls for the collection of costs, and only so long as those costs are (1) reasonable, and (2) necessary for the collection of the debt.

GRC's collection fee of 45% is not expressly agreed to. On day 1 of obtaining the account GRC places a 45% fee. Then, the fee continues to rise because it is directly tied to interest which is also accruing. There can be little doubt that the least sophisticated consumer did not *expressly authorize* a percentage based fee of 45% which continues to rise. For the same reason, a 45% fee which continues to rise cannot be considered reasonable to the understanding of the least sophisticated consumer. Thus, said fee violates the FDCPA.

Additionally, GRC's 45% fee is not necessary for the collection of the debt. To be "necessary" for the costs of collection, Defendant's fee must have some correlation to conduct needed to collect the debt. *Annunziato v. Collecto, Inc.*, 207 F. Supp. 3d 249, 254 (E.D.N.Y. 2016); *Bradley v. Franklin Collection Serv., Inc.*, 739 F.3d 606 (11th Cir. 2014); *Kojetin v. C U Recovery, Inc.*, 212 F.3d 1318 (8th Cir. 2000). Here, the fee has no correlation to any actual cost of Defendant's effort. In fact, this fee was assessed even prior to making a single collection effort. Plaintiff did not agree to collection fees that have no relation to the cost of the collection, and the fact that Cornell entered into a contingency fee structure with GRC does not mean Plaintiff knew or consented to this. Accordingly, Plaintiff cannot be held to have agreed to a contingency structure, as opposed to reasonable fees necessary for the costs of collection, when the contract calls for the latter. *Id*. at 263.

GRC's collection fee is also illegal because it seeks collection of even more than the maximum amount allowed by contract. Cornell's contract with GRC calls for a contingency of 33.33%. Instead, GRC seeks collection of 33.34%. By charging an additional 0.01%, GRC is collecting more than it is explicitly limited to by contract. Although this amount is small as it relates to Plaintiff, the strict liability FDCPA does not permit the collection of unauthorized amounts where the amount is only a small number.

    ii.    <u>15 UCS 1692e(2)(B) and 15 UCS 1692e(10)</u>

### a. Late Fee

Cornell University's contract does not allow for late fees. Nor does New York law. Thus, it was deceptive to represent that Defendant could collect such fees.

### b. Collection Costs

In addition to the above, the letter is also deceptive because it implies collection costs of 45% are owed at the time of the letter. Pursuant to Cornell's contract, Defendant is only entitled to seek a fee once it actually collects delinquent debts. Because at the time of sending the letter, it had collected nothing, no collection cost was owed to GRC, and the 45% is simply an estimate of what would be owed if paid in full. *Id*. This is of significance because when the least sophisticated consumer ("LSC") negotiates a settlement, negotiations start on the balance owing *and* the collection fees sought. But this puts the LSC at a disadvantage because the LSC is lead to believe that GRC is in fact entitled to that fee. To the contrary, when GRC accepts settlement offers, its collection fee is satisfied for less than 33.34% of the full balance; therefore, listing its fee as an amount currently owing is false.

GRC's representations concerning its collection fee estimates are also deceptive because it implies those fees are owed and cannot decrease absent payment. GRC's continuous letters make it clear to the LSC that a failure to pay the debt immediately will result in collection fees rising. This is achieved because in GRC's initial letter to Plaintiff it sought fees of $1,675.40 and in each successive letter, those fees kept rising, up to $1,731.98 when it terminated collections on the account. The letters also clearly stated that charges would continue to accrue each day. However, eight (8) months after GRC terminated Plaintiff's account another debt collector, collecting on the same debt, sought a collection fee of $1,334.68, a 35% fee. This demonstrates that Plaintiff never actually owed the 45% and it simply represented an estimate of what could be owed. Representing the fee as owed, as opposed to an estimate, proved to be false, and therefore deceptive. Further, representing that the fee would either stay the same or rise, also proved to be false and deceptive.

### B. Motion for Class Certification

Plaintiff seeks to represent a class of consumers whom Defendant also sought illegal fees from and engaged in uniform deceptive conduct with. Plaintiff can establish all Rule 23 requirements. Discovery has revealed that there are more than 80 consumers subject to the same exact collection attempts and misrepresentations as Plaintiff. Each of these consumers had the same original creditor, were subject to the same contractual provisions which did not allow collection of late fees, and only allowed reasonable collection costs necessary for collection. Defendant has been able to identify each of these prospective class members, and is capable of generating a class list. Plaintiff was subject to the same collection attempts and representations as everyone else. No individual inquiries are required. For these reasons, a class should be certified here.

Very truly yours,

Daniel Zemel, Esq.