UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
JASMIN R. FRANCIS, Individually and on Behalf                    :
of All Others Similarly Situated,                                :
                                                                 :  **MEMORANDUM DECISION**
                                         Plaintiff,              :  **AND ORDER**
                                                                 :
                    - against -                                  :  18-cv-6955 (BMC)
                                                                 :
GENERAL REVENUE CORPORATION,                                     :
                                                                 :
                                         Defendant.              :
                                                                 :
---------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff moves to amend her complaint in this Fair Debt Collection Practices Act ("FDCPA") case. Although fact discovery has closed, the Court will permit plaintiff to amend her complaint in certain respects, as the permitted amendments would neither unfairly prejudice defendant nor necessarily result in futile claims.

## BACKGROUND

As alleged in the complaint, plaintiff took out a $3,729.21 personal student loan from Cornell University. In the contract between plaintiff and Cornell, plaintiff promised "to pay all attorney's fees and other reasonable collection costs and charges necessary for the collection of any amount not paid when due." Around eight years later, defendant sent plaintiff a debt collection letter on behalf of Cornell, attempting to collect $6,720.17. In the letter, the outstanding balance was itemized as follows:

| | |
|---|---|
| Principal: | $3,729.21 |
| Interest: | $1,292.58 |
| Penalty/Late: | $18.34 |
| Collection Costs: | $1,680.04 |
| Other Charges: | $0.00 |
| Total: | $6,720.17 |

In her first amended complaint, plaintiff claims that "Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692f(1), 1692e(3), and 1692e(10)," attaching a copy of defendant's debt collection letter. In plaintiff's portion of the joint letter submitted by the parties at the start of the lawsuit, she elaborates on her complaint, saying that

> [t]he underlying contract with Cornell University provides for attorney's fees and reasonable costs of collection. Here, Defendant is seeking costs of collection totaling over 40% of the debt which is simply not reasonable. Further, Defendant is seeking to collect an erroneous 'Penalty/Late' fee which is also not authorized by contract.

Discovery has ended, but plaintiff represents that three "key facts were not known until uncovered" at the end of discovery: "that Defendant's collection fee continues to rise based on the accrual of interest, that Defendant seeks a collection fee which is even greater than the contract it hopes to rely on and that the collection fee owed by Plaintiff could and would in fact decrease as time went on as shown by the Williams [&] Fudge[1] collection letter." Plaintiff asks leave to amend her complaint to incorporate these new facts, which would supplement both her individual and class allegations.

If the Court permits the requested amendments, plaintiff complaint would encompass the following theories of liability: (1) defendant's attempt to collect the $18.34 late fee violates 15 U.S.C. § 1692f(1) because that charge was not "expressly authorized by the agreement creating the debt or permitted by law"; (2) an initial collection cost of $1,680.04 – as 45% of the principal – does not represent "reasonable collection costs," and thus violates the contract; (3) the levying of collection costs that automatically rise along with accruing interest was not expressly authorized by the contract and is beyond the expectations of the proverbial "least sophisticated

---

[1] As gleaned from plaintiff's proposed amendments, Williams & Fudge, Inc. is another debt collector that took over plaintiff's account in place of defendant. It seems defendant "returned Plaintiff's account to Cornell University" after this case commenced.

2

consumer"; (4) basing the collection costs on a "contingency structure" between defendant and Cornell is neither "necessary for the collection" of plaintiff's debt nor expressly authorized by plaintiff's contract with Cornell; (5) the collection fee of $1,680.04 was also unnecessary under the contingency structure because that structure called for a 33.33% contingency but the collection fee actually represents 33.33333 (repeating) % of the total debt; (6) including the collection costs in the letter was misleading under 15 U.S.C. § 1692e because a contingency fee cannot be ascertained until the debt is actually collected, and there was a chance that plaintiff could have negotiated a lower settlement on the principal; and (7) representing the collection costs as "owed" was also misleading because a subsequent debt collector assigned to plaintiff's account sought a lower collection fee.

## DISCUSSION

Under Federal Rule of Civil Procedure 15, a party may amend its pleadings once as matter of course, and after that only with the opposing party's consent or leave of court. "The court should freely give leave when justice so requires." Id. Indeed, "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

"In examining the circumstances which might justify not granting plaintiff this opportunity to be heard on the merits, the trial courts should normally focus on the resultant prejudice to defendant." Middle Atlantic Utils. Co. v. S. M. W. Dev. Corp., 392 F.2d 380, 384

(2d Cir. 1968). Furthermore, "unless the motion either was made in bad faith or will prejudice defendant, delay by itself is not enough to deny the requisite relief." Id.

A court may also deny a proposed amendment as futile "if it could not withstand a motion to dismiss." Advanced magnetics, Inc. v. Bayfront Partners, Inc., No. 92 Civ. 6879, 1994 WL 324018, at *2 (S.D.N.Y. July 6, 1994) (citing Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1198-99 (2d Cir. 1989)). "The Proposed Amended Complaint may therefore be scrutinized as if defendants' objections to the amendments constituted a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Journal Pub. Co. v. Am. Home Assur. Co., 771 F. Supp. 632, 635 (S.D.N.Y. 1991). Ultimately, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182.

Defendant argues that I should deny the amendments on four separate grounds. First, that because plaintiff's claims can be decided as a matter of law, "all of the information needed to resolve Plaintiff's claim[s] was available at the outset of the litigation." But this argument is a double-edged sword as it also compels the conclusion that defendant has all the information *it* needs, and none of the amendments would raise new issues of fact bearing on the outcome of this case that defendant would need to explore. I cannot therefore deny the amendments on this basis when there would be no prejudice to the defense.

Second, defendant argues that at least two of the three "so-called" new facts upon which plaintiff bases her amendments were known to plaintiff well before the close of discovery. Defendant avers that one of these three facts was discernable from its contract with Cornell, which plaintiff was provided at the start of litigation. And another of the three facts – that Williams & Fudge, Inc. sought a lower collection cost than defendant sought – was known by

4

plaintiff at least two months prior to the close of discovery, but plaintiff only served a subpoena on Williams & Fudge six days before the close of discovery.  Even if plaintiff was in some way aware of these facts at an earlier date, defendant does not explain why their addition in the complaint would cause prejudice sufficient to preclude the amendments.  Unless defendant can point to some specific evidence of bad faith or intentional delay, I see no reason sufficient to disallow the amendments on this basis under the permissive standards of Rule 15.

Third, defendant argues that all of the proposed amendments would prejudice defendant because plaintiff "seeks to add three new classes, all of which will require GRC to engage in additional class discovery."  But defendant subsequently concedes that it "has not yet engaged in" any substantial class discovery, presumably meaning that any additional work created by the amendments can be combined with the rest of class discovery without any significant disruption.  If anything, defendant can only claim that the new class allegations would prolong discovery a bit.  However, "delay by itself is not enough to deny the requisite relief."  See Middle Atlantic Utils. Co., 392 F.2d at 384.

Finally, defendant argues that the none of the amendments would result in the allegation of facts that would constitute a violation of the FDCPA – in other words, the amendments would be futile.  According to defendant, the amendments would amount to three additional theories of liability under the FDCPA:

> (1) GRC's collection costs were unreasonable because they were based, in part, on accruing interest; (2) GRC sought to collect more in collection costs than provided for by the contract between GRC and Cornell; and (3) GRC represented that the balance Plaintiff owed would increase, but a subsequent debt collector sought to collect less than GRC.

It seems to me that the first and second of these theories state claims under the FDCPA.

Pursuant to 15 U.S.C. § 1692f(1), a debt collector violates the statute by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal

5

obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." The first theory, according to plaintiff's formulation, is that the contract did not expressly authorize collection costs that would increase along with interest. And the second theory is that the collection costs weren't "necessary" for the collection of plaintiff's debt, as required by the contract, because they were higher than the figure upon which they were supposed to be based – leading to an undeserved windfall for defendant, however miniscule. The merit of each of these theories rests upon, at least, an interpretation of the contracts between Cornell and plaintiff and Cornell and defendant, and thus neither would be futile at a 12(b)(6) posture.

However, the third theory – that because a subsequent debt collector sought less in collection fees than defendant sought, and therefore defendant's representation that plaintiff owed a certain amount for collection fees was misleading – does fail to state a claim. Plaintiff contends that because the fees declined under a different collection agency, defendant's "[r]representing the fee as owed, as opposed to an estimate, proved to be false, and therefore deceptive." But it cannot be that a debt collector must anticipate that another agency would take over the pending account and charge different collection costs. Plaintiff does not allege that defendant lied about the costs it was seeking, and she cannot validly state a claim for deception when defendant both accurately and in good faith represented the fees it was, or would be, seeking to collect. Indeed, I can't think of another way of sending a debt collection letter than by listing the debt sought to be collected at a certain point in time. The only alternative would be not to list the anticipated collection costs in the letter, which would invariably result in a separate FDCPA lawsuit for withholding that information.

6

Therefore, I am going permit plaintiff to amend her complaint to include allegations about (1) defendant's collection fee rising based on the accrual of interest; and (2) defendant seeking a collection fee greater than that provided for in its contract with Cornell. But I will not permit plaintiff to amend her complaint to include allegations regarding the fees charged by Williams & Fudge.

## CONCLUSION

Plaintiffs' [28] motion amend her complaint is granted in part and denied in part.

**SO ORDERED.**

                                                                    U.S.D.J.

Dated: Brooklyn, New York
        January 23, 2020