UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASMIN R. FRANCIS, individually, and on behalf of all other similarly situated consumers,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL REVENUE CORPORATION,<br><br>Defendant. | Case Number: 1:18-cv-06955-BMC<br><br>DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED CLASS ACTION COMPLAINT |

General Revenue Corporation ("Defendant" or "GRC"), by and through its attorneys, now answers Plaintiff's Second Amended Class Action Complaint against it, as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendants violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

**ANSWER: Defendant admits that Plaintiff's Second Amended Class Action Complaint purports to allege a violation of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et. seq.* Defendant denies all remaining allegations contained in Paragraph 1.**

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k (d).

**ANSWER: Defendant admits that Plaintiff's Second Amended Class Action Complaint purports to allege a violation of a federal statute, thereby invoking the subject matter jurisdiction of this Court. Defendant denies all remaining allegations contained in Paragraph 2.**

1

3. Venue is proper in this district under 28 U.S.C §1391(b).

**ANSWER: Defendant does not contest venue. Defendant denies all remaining allegations contained in Paragraph 3.**

## PARTIES

4. Plaintiff is a resident of Brooklyn, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and, therefore, denies the same. Defendant also denies Paragraph 4 to the extent it calls for a legal conclusion to which no response is required.**

5. Defendant is a corporation doing business in the State of New York, with its corporate headquarters located at 4660 Duke Drive, Suite 300, Mason, Ohio 45040, and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

**ANSWER: Defendant admits that GRC is a corporation doing business in the State of New York with a place of business located in Mason, Ohio. Defendant denies the remaining allegations in Paragraph 5.**

## FACTUAL STATEMENT

6. In 2010, Plaintiff incurred a personal student loan obligation from Cornell University.

**ANSWER: Defendant admits the allegations contained in Paragraph 6.**

7. In May 2018, Defendant began attempting to collect said debt, allegedly due and owing, by sending a number of collection letters to Plaintiff. Defendant's final letter was sent in December 2018, after which the account was returned to Cornell, who then sent the account to another debt collector, Williams & Fudge.

**ANSWER: Defendant admits that it sent letters to Plaintiff between May 2018 and December 2018 seeking to collect on a past-due obligation owed to Cornell University. Defendant denies the remaining allegations of Paragraph 7.**

8. In Defendant's May letter Defendant sought a total of $6,701.59. This is broken down as follows: $3,729.21 in principal, $1,278.64 in interest, $18.34 in late fees, and $1,675.40 in collection fees. Defendant's attempts to collect said debt violate the FDCPA for several reasons as explained below.

**ANSWER: Defendant responds that the letter speaks for itself and denies any allegations contained in Paragraph 8 inconsistent therewith. Defendant denies the remaining allegations in Paragraph 8.**

9. First, Plaintiff's underlying contract with Cornell does not provide for the collection of late fees. Accordingly, Defendant's attempt to collect said late fee is deceptive and misleading in violation of Sections 1692e and 1692f.

**ANSWER: Defendant denies the allegations contained in Paragraph 9.**

10. Second, within Defendant's first letter, it imposed a collection fee of 45% of the original balance immediately upon placement of the account. This fee continued to rise up to 46% of the original balance. Plaintiff's underlying contract with Cornell University does not provide for such excessive collection costs which exceed 45% of the underlying debt, and which have no association with the cost of collection. To the extent Plaintiff's underlying contract calls for some collection costs, the contract only allows "reasonable collection costs" which are "necessary" for the collection of the debt. The imposition of a 45% collection fee does not constitute a reasonable collection cost and neither Plaintiff nor the least sophisticated consumer would have ever contemplated that *reasonable* collection costs means 45%-46% of the debt's principal. Further,

the imposition of a 45%-46% collection cost is not *necessary* for the collection of Plaintiff's debt. Thus, the fee remains unlawful.

**ANSWER: Defendant denies the allegations contained in Paragraph 10. The allegations contained in Paragraph 10 also call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.**

11. Third, Defendant initially calculates its collection fee by adding interest, principal and late fees, and then multiplying the total by a percentage. However, the initial collection fee continues to rise because Defendant's collection fee increases proportionally with the interest accruing on the account. At the time of Defendant's final letter in December, the collection fees sought reached 46% of the principal balance owed by the consumer. The fact that the collection fee rises with interest and has no association with any actual cost of collection or work bearing on any collection activity, and cannot be considered a *reasonable collection cost*, and certainly not a cost *necessary* for the collection of the debt. In other words, the contract does not call for collection costs to rise with interest accrual, and such a construct is unlawful.

**ANSWER: Defendant admits that in Plaintiff's case, collection costs were assessed by adding the principal balance, interest, and late fees, and then multiplying the total by a percentage, as set forth by contract between Cornell University and GRC. Defendant denies the remaining allegations contained in Paragraph 11. The allegations contained in Paragraph 11 also call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.**

12. Fourth, another component of Defendant's illegal conduct is that by calculating the collection fees by percentage as opposed to actual costs of collection, Defendant provides estimates to the consumer of what it could bill Cornell University in the event it collected the full

amount. However, were Defendant to collect less than the full amount, its collection fee would be less as well. However, the consumer is not made aware of this, and is instead duped into thinking the collection cost, which is only an estimate, is a set amount. Defendant's failure to inform Plaintiff that its collection fees were only estimates of what may be owed resulted in an interpretation to the consumer that was in fact false, deceptive, and misleading.

**ANSWER: Defendant denies the allegations in Paragraph 12. The allegations contained in Paragraph 12 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.**

13. Fifth, Defendant's collection fee is always greater than it should be because the fee is calculated by incorporating late fees into the total calculation before the multiplier. Defendant engages in this calculation in accordance with a percentage agreement it has with Cornell University. Because Defendant calculates its collection fee by including impermissible late fees, its collection fee is always a miscalculation.

**ANSWER: Defendant admits that in Plaintiff's case, collection costs were assessed by adding the principal balance, interest, and late fees, and then multiplying the total by a percentage, as set forth by contract between Cornell University and GRC. Defendant denies the remaining allegations contained in Paragraph 13.**

14. Sixth, Cornell University has a set contract between itself and Defendant which provides for a set fee to Defendant. The costs sought by Defendant in each of its collection attempts to Plaintiff, and the proposed class, is an amount even greater than the set fee by contract between Defendant and Cornell University. Accordingly, Defendant's fee is also unlawful on this basis as greater than any amount authorized by Plaintiff, and even Cornell itself.

**ANSWER:  Defendant admits that there is a contract between Cornell University and GRC that provides for collection costs, and that collection costs in this case were assessed in accordance with that contract.  Defendant denies the remaining allegations contained in Paragraph 14.**

## CLASS ACTION ALLEGATIONS

### The Class

15. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all others similarly situated who have received similar debt collection notices and/or communications from Defendant which, as alleged herein, are in violation of the FDCPA.

**ANSWER:  Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 15.**

16. With respect to the Plaintiff's Classes, this claim is brought on behalf of the following classes:

| | |
|---|---|
| Late Fee Class: | (a) all consumers with a New York address; (b) for whom Defendant was seeking to collect on behalf of Cornell University; (c) for which Defendant attempted to collect a late fee (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action. |
| Percentage Based Collection Fee Class: | (a) all consumers with a New York address; (b) for whom Defendant was seeking to collect on behalf of Cornell University (c) for which Defendant attempted to collect a percentage based collection fee (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action. |

| | |
|---|---|
| Incorrect Amount Collection Fee Class: | (a) all consumers with a New York address; (b) for whom Defendant was seeking to collect on behalf of Cornell University (c) for which Defendant attempted to collect a collection fee greater than allowed by contract (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action. |
| Deceptive Class: | (a) all consumers with a New York address; (b) for whom Defendant was seeking to collect on behalf of Cornell University (c) for which Defendant failed to represent that its collection fees were only an estimate of what was owing (d) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of the initial complaint filed in this action. |

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 16.**

17. Excluded from the Classes is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

**ANSWER: Defendant admits that Plaintiff purports to exclude such persons or entities from the proposed class definition but lacks information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and, therefore, denies the same.**

### Numerosity

18. Defendant has made similar collection attempts to over eighty (80) consumers throughout the State of New York, each of which violates the FDCPA. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

**ANSWER:** Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 18.

19. The letters sent by Defendant, and received by the Classes, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

**ANSWER:** The allegations contained in Paragraph 19 call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations.

20. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**ANSWER:** Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 20.

### Common Questions of Law and Fact

21. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied

in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 21.**

### Typicality

22. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Classes defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Classes, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Classes.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 22.**

### Protecting the Interests of the Class Members

23. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R.**

Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 23.

24. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 24.**

### Proceeding Via Class Action is Superior and Advisable

25. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 25.**

26. The members of the Classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 and, therefore, denies the same.**

27. Prosecution of separate actions by individual members of the Classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

**ANSWER:** Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 27.

28. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the said letters violate the FDCPA is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

**ANSWER:** Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2). Defendant denies the remaining allegations contained in Paragraph 28.

29. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:** Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 29.

30. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and, therefore, denies the same.**

31. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 31.**

32. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendants to further enjoy the benefit of their ill-gotten gains.

**ANSWER: Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 32.**

33. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ANSWER:** Defendant admits that Plaintiff purports to bring this lawsuit as a class action, but denies that the proposed classes are suitable for certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). Defendant denies the remaining allegations contained in Paragraph 33.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. 1692 § *et seq*

34. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

**ANSWER:** Defendant repeats and incorporates its answers contained in Paragraphs 1 through 33 as though fully set forth herein.

35. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692f(1), 1692e(2), 1692e(10).

**ANSWER:** Defendant denies the allegations contained in Paragraph 35.

## JURY TRIAL DEMAND

36. Plaintiff demands a jury trial on all issues so triable.

**ANSWER:** Defendant objects to a jury trial and denies that any issues contained herein are triable.

## DEFENSES

Without conceding any applicable burden of proof, Defendant alleges the following separate and distinct defenses to the claims set forth in Plaintiff's Complaint. Defendant's investigation of the facts and its defenses is ongoing, and Defendant reserves the right to amend or supplement its defenses after further investigation and discovery.

1. Plaintiff's FDCPA claim against GRC fails because the underlying contract between Plaintiff and Cornell University authorizes reasonable collection costs and the collection of late fees or penalties and because GRC complied with that contract at all times.

2. To the extent GRC is found to have violated the FDCPA, which is denied, any such violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

3. Plaintiff has not incurred any injury in fact or damages and therefore lacks standing under Article III of the United States Constitution and *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016), to bring the instant claims.

4. Plaintiff and the putative class members she purports to represent failed to exercise reasonable diligence to mitigate their harm/damages (if any were in fact suffered, which is expressly denied) and, therefore any damages awarded to them should be reduced accordingly.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that Defendant be awarded its costs and fees incurred herein, and that the Court enter such further relief as is just, necessary, and proper.

**Dated:** February 11, 2020
New York, NY

Respectfully submitted,

**McGUIREWOODS LLP**

By: /s Amy Starinieri Gilbert
Philip A. Goldstein
pagoldstein@mcguirewoods.com
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
(212) 548-2100
Amy Starinieri Gilbert (*Pro Hac Vice*)
agilbert@mcguirewoods.com
77 W Wacker Drive, Suite 4100
Chicago, IL 60601
312-849-8100
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was electronically filed on this day, February 11, 2020, with the Clerk of the Court using the CM/ECF system which will send notice of service to all attorneys of record.

                                              **McGUIREWOODS LLP**

                          By: *s/ Philip A. Goldstein*
                                Philip A. Goldstein