```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  X
                                                                  :
JASMIN R. FRANCIS, Individually and on Behalf                     :
of All Others Similarly Situated,                                 :
                                                                  :   **MEMORANDUM DECISION**
                                         Plaintiff,               :   **AND ORDER**
                                                                  :
                          - against -                             :   18-cv-6955 (BMC)
                                                                  :
GENERAL REVENUE CORPORATION,                                      :
                                                                  :
                                         Defendant.               :
                                                                  :
----------------------------------------------------------------  X
```

**COGAN**, District Judge.

This action arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. The dunning letter at issue asserted a claim for $18.54 in "late fees," and plaintiff contends her agreement with the creditor did not provide for late fees. The letter also included an item for $1,680.04 in "Collection Costs," which plaintiff contends was misleading because the amount was not a cost, but a contingent collection fee that had not accrued, and might never have accrued.

The case is before me on the parties' cross-motions for summary judgment. I hold that: (1) plaintiff's promissory note permits late fees and (2) the letter was deceptive because it represented the collection costs as a definite amount owed when it was not.

## BACKGROUND

The facts are taken from the parties' 56.1 Statements and are uncontested unless otherwise noted.

Plaintiff took out a $4,330 personal student loan from Cornell University to fund her education. The promissory note for the loan included the following provision: "I promise to pay

all attorney's fees and other reasonable collection costs and charges necessary for the collection of any amount not paid when due." Plaintiff defaulted on her loan, and Cornell referred her account to defendant for collection.

Defendant is a debt collection company. It entered into an agreement with Cornell (the "Collection Agreement"). The Collection Agreement stated: "GRC shall be entitled to 25 percent of all payments made on the account so that when the account is paid in full, the amount of fees that GRC would be entitled to would equal 33.33 percent of the balance (including principal, interest and late fees)."

In its collection letter to plaintiff, defendant itemized the outstanding balance of the loan as follows:

| | |
|---|---|
| Principal: | $3,729.21 |
| Interest: | $1,292.58 |
| Penalty/Late: | $18.34 |
| Collection Costs: | $1,680.04 |
| Other Charges: | $0.00 |
| Total: | $6,720.17 |

Plaintiff claims that the letter is misleading under 15 U.S.C. §§ 1692f(1), 1692e(2), and 1692e(10) in two respects. First, she contends that her loan agreement with Cornell does not permit the assessment and collection of a "Penalty/Late" fee. Second, she contends that the statement of "Collection Costs" was deceptive and misleading because, in fact, $1,680.04 would be the amount of defendant's collection fee, not a "cost," and only if plaintiff paid the balance in full. If plaintiff settled the debt for less, then the collection fee, pursuant to the Collection Agreement, would also be less. Plaintiff further contends that defendant had no right to a collection fee under the Collection Agreement at the time it sent its letter, yet the letter implies

that defendant had already charged that fee to Cornell or would, in any event, be entitled to collect it.

## DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material when it might affect the outcome of the suit under governing law." Tracy v. Freshwater, 623 F.3d 90, 95 (2d Cir. 2010) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007)). Generally, "[w]hen both sides have moved for summary judgment, each party's motion is examined on its own merits, and all reasonable inferences are drawn against the party whose motion is under consideration." Chandok v. Klessig, 632 F.3d 803, 812 (2d Cir. 2011). Because the parties' cross-motions seek judgment on the same issues, I consider the motions together here.

**I.     The FDCPA**

In enacting the FDCPA, Congress aimed to eliminate "abusive practices in the debt collection industry, and also sought to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 89 (2d Cir. 2008) (quoting 15 U.S.C. § 1692(e)). The parties agree that plaintiff is a consumer, defendant is a debt collector, and defendant attempted to collect a debt from plaintiff. At issue is whether defendant violated any provision of the FDCPA.

Plaintiff claims that defendant's collection letter violated the FDCPA in seeking late fees of $18.34 and collection costs of $1,680.04. Plaintiff relies on three sections of the statute. First, under 15 U.S.C. § 1692f(1), "[t]he collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) [is prohibited] unless such amount is expressly

3

authorized by the agreement creating the debt or permitted by law."[1]  Second, § 1692e(2) prohibits any "false representation" of "the character, amount or legal status of any debt" or "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."  A violation of 15 U.S.C. § 1692f(1) can serve as the basis of a violation of 15 U.S.C. § 1692e(2) for mischaracterizing the compensation a collector can lawfully receive under the FDCPA.  Fuentes v. AR Res., Inc., Civ. A. No. 15-7988, 2017 WL 1197814, at *15 (D.N.J. Mar. 31, 2017) (collecting cases).  Third, § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."  The application of all three sections to a case like this is essentially the same.  See id.; Gervais v. Riddle & Assocs., P.C., 479 F. Supp. 2d 270, 276 (D. Conn. 2007).

"In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'"  Jacobson, 516 F.3d at 90.  "The 'least sophisticated consumer' standard of review examines 'how the least sophisticated consumer – one not having the astuteness of a "Philadelphia lawyer" or even the sophistication of the average, everyday, common consumer – understands the notice he or she receives.'"  Vayngurt v. Sw. Credit Sys., L.P., No. 16-CV-2261, 2016 WL 6068132, at *2 (E.D.N.Y. Oct. 14, 2016) (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. 1996)).  Whether a collection letter is false, deceptive, or misleading is generally an issue of law that may be determined by the court.  See Kassel v. Universal Fid. LP, No. 13-CV-3756, 2014 WL 824335, at *3 (E.D.N.Y. Mar. 3, 2014).

---

[1] An attempt to collect a debt can be actionable under the FDCPA even if the attempt fails.  See Shami v. Nat'l Enter. Sys., 914 F. Supp. 2d 353, 357 (E.D.N.Y. 2012) (collecting cases).

**II.     Late Fees**

Plaintiff first claims that defendant violated the FDCPA by attempting to collect late fees of $18.34. Plaintiff argues that the promissory note does not authorize the collection of late fees.[2]

Plaintiff argues that "[n]owhere within [the Late Payment and Default] provision does the contract call for the imposition of late fees." Defendant points to where plaintiff agreed to "pay all attorney's fees and other reasonable collection costs and charges necessary for the collection of any amount not paid when due." It argues, by agreeing to this sentence, that "[p]laintiff promised to pay three distinct items: (1) attorneys' fees, (2) reasonable collection costs, and (3) charges for 'any amount not paid when due'" – the third item being "by its plain language, a late fee."

The promissory note is ambiguous regarding late fees. Although late fees are certainly imposed on "amount[s] not paid when due" for many loans, reasonable people could disagree whether a late fee is a charge that is *necessary* to collect late payments. Defendant is correct that principles of contract interpretation suggest that "costs" and "charges" are distinct items, and that "charges" must be something that collection costs are not, like late fees.

But defendant's claim that "charges" necessarily implies a penalty/late fee is not persuasive. Defendant's cited definitions – defining "charge" as a verb – are not synonymous

---

[2] Plaintiff's summary judgment brief also argues that defendant's letter violated the FDCPA because it falsely represented that late fees "may vary from day to day." Plaintiff failed to plead this theory of liability and, even if the time to amend her complaint had not long passed, a complaint cannot be amended by raising new facts and theories in summary judgment briefing. O'Rourke Marine Servs. L.P., L.L.P. v. M/V COSCO Haifa, 179 F. Supp. 3d 333, 334 n.1 (S.D.N.Y. 2016), aff'd, 730 F. App'x 89 (2d Cir. 2018). Accordingly, I decline to consider this argument.

with a penalty, and Merriam-Webster's definitions for "charge," the noun, include "the price demanded for something," "a debit to an account," and "expense, cost."[3]

Finally, reading the provision in full shows that the promissory note is very clear about a different effect of late payment on plaintiff's balance. It explains that "[l]ate payments will not affect the ANNUAL PERCENTAGE RATE, but will increase the total FINANCE CHARGE as a result of the longer period to which the ANNUAL PERCENTAGE RATE will be applied to the unpaid balance of the amount financed." This sentence clearly warns the borrower that late payments will increase the finance charge because of accruing interest but does not describe any penalty/late fee. A reasonable person could compare this express warning with the ambiguous "charges" necessary to collect "any amount not paid when due" to conclude that the promissory note doesn't contemplate late fees for late payments.[4]

Although the interpretation of ambiguous contract language is often a question of fact to be resolved by the jury, see Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc., 232 F.3d 153, 158 (2d Cir. 2000), "the court may resolve ambiguity in contractual language as a matter of law if the evidence presented about the parties' intended meaning [is] so one-sided that no reasonable person could decide the contrary." Id. (quoting 3Com Corp. v. Banco do Brasil, S.A., 171 F.3d 739, 746–47 (2d Cir. 1999)). A court may also resolve ambiguous language on summary judgment "if the non-moving party fails to point to any relevant extrinsic evidence supporting that party's interpretation of the language." Id. (citing Mellon Bank, N.A. v. United Bank Corp. of N.Y., 31 F.3d 113, 116 (2d Cir. 1994)).

---

[3] Charge, Merriam-Webster, https://www.merriam-webster.com/dictionary/charge?utm_campaign=sd&utm_medium=serp&utm_source=jsonld (last visited Aug. 1, 2020).

[4] Plaintiff argues that if the contract is ambiguous on late fees, the fees must be impermissible because the FDCPA "requires such a fee to be **expressly** authorized." But I will not expand § 1692f(1) to make debt collectors liable for any contractual ambiguity based solely on plaintiff's *ipse dixit*.

Here, defendant points to an exit interview that plaintiff completed before graduating.[5] As part of the exit interview, plaintiff signed a document that was "a summary of the information contained on the promissory note(s) you signed." The document states, *inter alia*, that "I will be charged late fees or penalty charges for each month I fail to make an installment when due or to comply with other terms of my promissory note or written repayment agreement." This unrebutted evidence expressly addresses the issue and resolves the ambiguity in favor of defendant. Plaintiff does not identify any extrinsic evidence supporting her interpretation.[6] The evidence in support of defendant's interpretation is so one-sided that no reasonable person could conclude that the promissory note does not provide for late/penalty fees, and I can resolve the ambiguity as a matter of law. See id.

Defendant is entitled to summary judgment on plaintiff's FDCPA claim regarding late fees.

### III.   Collection Costs

Plaintiff also claims that defendant violated the FDCPA by attempting to collect $1,680.04 in collection costs. Plaintiff argues that the collection costs sought were an improper estimate of a collection fee, unreasonable, overcalculated, and not expressly authorized by the promissory note.

At bottom, plaintiff challenges whether a debt collector can charge a contingent collection fee based on a percentage of a potential maximum recovery. Courts have come out

---

[5] Defendant also argues that plaintiff was assessed late fees and did not contest them with Cornell until this lawsuit, and so the Court should infer that plaintiff understood that the promissory note authorized late fees. If defendant could show that plaintiff was regularly assessed and actually paid late fees without complaint, the course of dealing might be relevant to the parties' intent, but defendant has not submitted any such evidence.

[6] Plaintiff argues only that the exit interview cannot "add additional terms to the original contract because no additional consideration is provided." The Court does not look to the exit interview to "add additional terms," but to clarify the meaning of existing ones.

7

differently on this issue. Compare Bradley v. Franklin Collection Serv., Inc., 739 F.3d 606, 609 (11th Cir. 2014) (finding an FDCPA violation because a percentage-based collection fee "assessed before the [collector] attempted to collect the balance due" did not "bear[] any correlation to the *actual* cost of [the collector's] collection effort"), with Bernal v. NRA Grp., LLC, 930 F.3d 891, 894 (7th Cir. 2019) (holding that a percentage-based collection fee is a permissible cost that does not require the obligation to exist prior to billing).

I do not consider a reasonable, contingent, percentage-based collection fee to be improper in and of itself given plaintiff's broad obligation to pay "all attorney's fees and other reasonable collection costs." See Gathuru v. Credit Control Servs., Inc., 623 F. Supp. 2d 113, 119 (D. Mass. 2009) ("The costs of collection might be paid in any number of ways; the more likely contractual arrangements are an hourly rate, a flat rate, or a percentage-based rate. All of these would fall within the term 'collection costs,' and there is no obvious reason why one should be permitted and another banned."). However, defendant's failure to disclose the contingent nature of the collection cost – instead representing the fee as an out-of-pocket expense that the creditor has already paid, or at least definitely will pay in the future – was deceptive.

The collection letter states that "[t]he following balances comprise the current amount due" and "[a]s of the date of this letter, the balance shown is owed." The itemized balance includes "Collection Costs" of $1,680.04 among amounts for principal, interest, and penalty/late. If plaintiff pays her outstanding balance in full, then she immediately owes the $1,680.04 collection fee. But the collection letter represents the collection fee as definite when it is not. Defendant is entitled to $1,680.04 if and only if it successfully collects the entire balance. If the collection letter explained that the collection fee was contingent on the collected amount, there would likely be no violation. But the lack of disclosure renders the collection letter deceptive to

8

the least sophisticated consumer, who "could easily misinterpret the defendant's letter to mean that the plaintiff actually owed [$1,680.04] in collection costs, when i[n] fact [she] did not." Annunziato v. Collecto, Inc., 207 F. Supp. 3d 249, 261 (E.D.N.Y. 2016); see McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 246 (3d Cir. 2014) ("Nothing says it is an estimate or in any way suggests that it was not a precise amount. As the drafter of the Letter, [defendant] is responsible for its content and for what the least sophisticated debtor would have understood from it.").

Plaintiff is entitled to summary judgment on her FDCPA claim for defendant's false representation regarding the collection fee.

## CONCLUSION

The parties' cross-motions for summary judgment are granted in part and denied in part as set forth above.

**SO ORDERED.**

                                                  U.S.D.J.

Dated: Brooklyn, New York
       August 10, 2020

9